## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SETH HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>     PETITIONER,<br>v.<br><br>PARAGON CONTRACTORS CORPORATION, BRIAN JESSOP, and DALE BARLOW;<br><br>     RESPONDENTS.<br><br>SETH HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>     PETITIONER,<br>v.<br><br>KEITH DUTSON.<br><br>     RESPONDENT. | Case No.  2:13mc00281 RJS<br><br><br><br><br>**REPORT AND RECOMMENDATION TO ENFORCE ADMINISTRATIVE SUBPOENAS AGAINST RESPONDENTS BARLOW AND DUTSON**<br><br><br><br>Magistrate Judge Evelyn Furse |

On April 22, 2013, the Acting Secretary of Labor, Seth D. Harris, United States Department of Labor ("Petitioner") filed two Petitions to Enforce Administrative Subpoenas ("Petitions") pursuant to 29 C.F.R. § 209 against all Respondents. The matters were consolidated on April 26, 2013. The Honorable Robert J. Shelly issued an Amended Order to Show Cause on May 3, 2013, which directed Respondents to file a written response to the Petitions no later than May 15, 2013, and to appear at a hearing on the Petitions before the undersigned on May 21, 2013. Respondents Barlow and Dutson failed to file a response and failed to appear for the Show Cause Hearing.

1.	Petitioner has carried his burden to enforce the subpoenas *ad testificandum* against Respondents Barlow and Dutson. Through the Petitions, Briefs in Support of Petitions, and affidavit of Joseph Doolin, District Director, Wage Hour Division, with supporting exhibits, Petitioner established that the subpoenas are: (1) not too indefinite; (2) reasonably relevant to an investigation which Petitioner has authority to conduct; and (3) all administrative prerequisites have been met. *See SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 514 (10th Cir. 1980) (*citing United States v. Morton Salt*, 338 U.S. 632 (1950)).

2.	Once Petitioner met his initial burden of proof, the burden shifted to Respondents to show cause why they should not be compelled to comply with the subpoenas *ad testificandum*. Respondents Barlow and Dutson failed to submit a response and failed to appear for the hearing.

Consequently, the undersigned recommends that:

1.	The District Court find that Respondents Barlow and Dutson have failed to show cause why they should not be compelled to comply with Petitioner's subpoenas *ad testificandum*;

2.	The District Court order a U.S. Marshall to serve a copy of this Report and Recommendation on Respondents Barlow and Dutson;

3.	The District Court order a U.S. Marshall to physically bring Respondents Barlow and Dutson to Courtroom Number 477 at the U.S. District Court for the District of Utah Central District, located at 350 S. Main Street, Salt Lake City, UT, to provide testimony related to Wage Hour's investigation, with accessibility to the undersigned should intervention from the Court become necessary, no later than 30 days after the District Court adopts this Report and Recommendation;

4.	The District Court order all costs associated with the involvement of the U.S.

Marshall to serve and physically transport Respondents Barlow and Dutson to Salt Lake City for subpoena testimony proceedings to be paid by Respondents Barlow and Dutson;

5. The District Court order all costs associated with Petitioner's travel to St. George, UT on February 25-26, 2013, for subpoena testimony proceedings when Respondent Dutson failed to appear, to be paid by Respondent Dutson.

6. The District Court further order that the running of the applicable statute of limitations under the Fair Labor Standards Act is tolled from January 31, 2013, the date Respondent Barlow should have produced the subpoenaed information, until such time as Petitioner notifies the District Court that Respondents have complied with the District Court's order enforcing the subpoenas.

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a *de novo* determination on the record of any portion of the undersigned's disposition to which specific written objections have been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence or re-commit the matter to the magistrate judge with instructions.

DATED this 3rd day of June, 2013.

BY THE COURT

EVELYN FURSE, Magistrate Judge
United States District Court