IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PETITIONER,<br><br>v.<br><br>PARAGON CONTRACTORS CORPORATION, et al.,<br><br>    RESPONDENTS. | ORDER ADOPTING MAGISTRATE'S DECISION AND RECOMMENDATION TO ENFORCE ADMINISTRATIVE SUBPOENA AGAINST RESPONDENTS PARAGON AND JESSOP<br><br>Case No.  2:13-cv-281 RJS<br><br>The Honorable Robert J. Shelby |

      The United States Department of Labor seeks to enforce a number of administrative subpoenas that it has issued in the course of an investigation into possible child labor practices at the Southern Utah Pecan Ranch (SUPR).  Respondent Brian Jessop is the President of Respondent Paragon Contractors Corporation, a company that has a contract to harvest the pecans at the ranch.  Mr. Jessop is a member of the Fundamentalist Latter-Day Saints (FLDS) community and lives in Hildale, Utah.

      On May 21, 2013, the Honorable Evelyn Furse held a hearing on an Order to Show Cause that the court issued in this matter.  On June 20, 2013, Judge Furse issued a Decision and Recommendation, in which she recommended that the court enforce the administrative subpoenas against Paragon and Mr. Jessop.  The Respondents timely objected to portions of Judge Furse's ruling under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The court has carefully reviewed these objections de novo and finds that they are without merit.

Mr. Jessop principally objects to Judge Furse's finding that "Mr. Jessop's claimed lack of knowledge is disingenuous." (Decision and Recommendation, at 2.) Mr. Jessop claims that he does not know anything about the people who participated in the harvest of pecan nuts that were lying on the ground. The contract between Paragon and the pecan farm directs Paragon to "manage and operate the pecan groves until the pecans have been harvested." Mr. Jessop claims that the harvest only means the mechanized harvesting activities, and that Mr. Jessop does not know what happens to the remaining nuts. But Judge Furse correctly noted that, despite Mr. Jessop's distinction between "tree nuts" and "ground nuts," no language in the contract makes this distinction. On the contrary, Paragon had a financial incentive to collect as many ground nuts as possible. Paragon received 70% of the proceeds of the nut sales, which included both tree nuts and ground nuts. (Petitioner's Brief, Ex. A ¶¶ 9-14, Dkt. No. 3.) Given these facts, it is unlikely that Mr. Jessop had no idea what happened to the ground nuts after the mechanized harvesting was complete.

Judge Furse's finding that Mr. Jessop's lack of knowledge was disingenuous is further supported by Mr. Jessop's inconsistent testimony during the subpoena proceedings. At first, Mr. Jessop claimed to have no knowledge of what happened to the ground nuts. (Jessop Tr., Petitioner's Brief, Ex. B, at 13, 16, 76-77.) But after watching CNN video coverage, Mr. Jessop changed his testimony and stated that he was aware that FLDS families would enter the farm property and collect the ground nuts. (*Id.* at 93-101.) He confirmed that this practice had taken place for many years before Paragon's involvement with the pecan farm and that the practice continued once Paragon became a party to the contract. (*Id.* at 99.)

The Respondents point out that it was Dale Barlow, not Mr. Jessop, who made arrangements for FLDS families to come onto the pecan farm and gather ground nuts. While there is some dispute over when these arrangements were made and when Paragon first contracted with the pecan farm, the court finds that these uncertainties do not affect Judge Furse's evaluation of Mr. Jessop's credibility. Even if Paragon began contracting with the pecan farm after Mr. Barlow arranged for these families to come to the farm, it is still unlikely that Mr. Jessop did not know anything about what was going on. After all, Paragon maintained these arrangements and derived a profit from them.

Petitioners have provided the court with testimony from Norm Freeman, who was the manager of the pecan farm. While this testimony was not in front of Judge Furse, Mr. Freeman's deposition confirms Judge Furse's findings. Mr. Freeman testified that Paragon is responsible for picking both the tree and ground nuts and that he specifically communicated this expectation to Paragon. (Freeman Tr., Petitioner's Resp., Ex. A, at 24-26, Dkt. No. 28.) He also confirmed that any arrangement between Mr. Barlow and the pecan farm came to an end when Paragon took over the contract. From that point forward, all nuts were collected by Paragon in exchange for 70% of the sale proceeds. (*Id.* at 48-49.)

The Respondents also object to Judge Furse's finding that "Mr. Jessop's claim not to know a single person who harvested ground nuts at SUPR lacks believability" and her finding that "Mr. Jessop simply did not want to provide" the name of the FLDS Bishop in November and December of 2012. But, on the basis of the record before it, this court makes the same findings. It is simply not credible that Mr. Jessop is unable to name a single person who harvested the ground nuts when that harvest resulted in Mr. Jessop and Paragon's financial gain. Likewise,

3

Mr. Jessop's attempt to mitigate his comment that he "would rather not say" who the bishop was is unpersuasive. Mr. Jessop claims that he meant that he would rather not say who the *last* bishop was, but that he does not know the identity of the bishop in November and December of 2012. (Jessop Tr. 111-17.) The court agrees that Mr. Jessop's testimony is unconvincing.

Finally, the Respondents argue that Paragon does not have any documents in its possession and that it cannot be forced to produce documents that are in the possession of Mr. Barlow. Contrary to the Respondents' assertion, Judge Furse did not make any legal conclusions about whether Mr. Barlow was Paragon's agent, but merely found that Paragon does not contest its right to demand documents from Mr. Barlow. Paragon has not yet documented any attempt to locate documents that are responsive to the subpoena that may be in Mr. Barlow's possession, even though Mr. Barlow is the individual that Paragon hired to manage and operate the pecan harvest on Paragon's behalf. Given that an investigator observed children handing in slips of paper as they departed the pecan farm, it is unlikely that these documents simply do not exist. Judge Furse correctly found that Mr. Barlow may possess documents and that Paragon must produce any documents in Mr. Barlow's possession.

ORDER

For the reasons stated above, the court ADOPTS Magistrate Furse's Decision and Recommendation and hereby:

**Respondent Brian Jessop**

1. Finds that Respondent Jessop failed to show cause why he should not be compelled to comply with Petitioner's subpoena *ad testificandum*;

2. Orders Respondent Jessop to come to Courtroom Number 477 at the U.S. District Court for the District of Utah, Central Division, located at 350 Main Street, Salt Lake City, UT 84101, to provide testimony related to Wage Hour's investigation, with accessibility to Magistrate Furse should intervention from the Court become necessary, no later than 45 days after the date of this Order;

3. Orders that the running of the applicable statute of limitations under the Fair Labor Standards Act is tolled from January 31, 2013, the date Respondent Jessop should have produced the subpoenaed information, until such time as Petitioner notifies the District Court that Respondent complied with the District Court's order enforcing the subpoena.

**Respondent Paragon Contractors Corporation**

1. Orders Respondent Paragon to make an additional concerted effort to search for documents responsive to Petitioner's subpoenas *duces tecum*, including those in possession of its agents;

2. Orders Respondent Paragon to document its search efforts, certify them, and file them with the Court no later than 30 days after the date of this Order;

3. Orders Respondent Paragon to send a representative to Courtroom Number 477 at the U.S. District Court for the District of Utah, Central Division, located at 350 Main Street, Salt Lake City, UT 84101, to provide testimony related to Wage Hour's investigation, including Paragon's efforts at document collection, and the additional known employees, with accessibility to Magistrate Furse should intervention from the Court become necessary, no later than 45 days after the date of this Order;

4.        Orders that the running of the applicable statute of limitations under the Fair Labor Standards Act is tolled from January 31, 2013, the date Respondent Paragon should have produced the subpoenaed information, until such time as Petitioner notifies the District Court that Respondent complied with the District Court's order enforcing the subpoena.

DATED this 21st day of August, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge