IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br>v.<br><br>VERGEL STEED et al,<br><br>      Defendant. | **REPORT & RECOMMENDATION ON VERGEL STEED'S MOTION TO SUSTAIN OBJECTIONS (ECF NO. 73)**<br><br>Case No. 2:13-CV-281-DS-EJF<br><br>District Judge David Sam<br><br>Magistrate Judge Evelyn J. Furse |

On January 27, 2014, Vergel Steed moved this Court to sustain objections to questions posed during his subpoena testimony on January 6, 2014. (ECF No. 73.) Testifying pursuant to a subpoena *ad testificandum*, Mr. Steed invoked the First Amendment in response to the Petitioner's questions about the affairs and organization of the Fundamentalist Church of Jesus Christ of Latter Day Saints ("FLDS") and its involvement with the pecan harvest on the Southern Utah Pecan Ranch in Hurricane, Utah. (*See* Steed Test., Jan. 6, 2014 (hereinafter Steed I), ECF No. 73-1.) On April 23, 2014, this Court heard Mr. Steed's testimony at an evidentiary hearing to consider Mr. Steed's First Amendment claims related to ECF No. 73. (ECF No. 102; Steed Test. April 23, 2014 (hereinafter Steed II), ECF No.105.) On July 11, 2014, the Court held a further telephonic hearing on the Motion to clarify the parties' positions. (ECF No. 114). The Court bases its recommendation upon the Motion, the parties' briefing, and the proceedings in this case.

The Court RECOMMENDS that the District Court find that the United States Department of Labor's (the "Government") subpoena power constitutes a neutral law of general applicability and compel Mr. Steed to answer the questions posed by the Government.

**DISCUSSION**

The parties' briefing focuses on whether the interests at issue constitute those of the highest order and seem to rely upon *Wisconsin v. Yoder*, 406 U.S. 205 (1972), where the Supreme Court held under the Free Exercise Clause of the First Amendment "only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." *Yoder*, 406 U.S. at 215. However, *Employment Div. v. Smith*, 494 U.S. 872 (1990), severely limited *Yoder*'s application. *See Burwell v. Hobby Lobby Stores, Inc.*, Nos. 13-354, 13-356, 2014 WL 2921709, at \*7 (U.S. June 30, 2014) (noting *Smith* "largely repudiated the method of analyzing free-exercise claims that had been used in cases like *Sherbert v. Verner* and *Wisconsin v. Yoder*" (citations omitted)). Instead, *Smith* held that a neutral law of general applicability trumps a First Amendment claim of free exercise of religion: if the law does not have as its objective burdening the free exercise of religion but merely has "the incidental effect of a generally applicable and otherwise valid provision," the law does not offend the First Amendment. *Smith,* 494 U.S. at 878-879. By relying upon *Yoder* to make their First Amendment arguments, the parties failed to address the application of *Smith*. While Congress enacted the Religious Freedom Restoration Act (RFRA) in response to *Smith, Burwell*, 2014 WL 2921709, at \*7, neither party has argued RFRA applies to this case, and Mr. Steed's counsel has specifically acknowledged he has made a plain First Amendment Free Exercise of Religion

2

claim.[1]  Therefore, *Smith* provides the controlling standard.  Under *Smith,* the Court first inquires whether the law burdening the religious exercise constitutes a neutral law of general applicability.

**A. The Government's subpoena power constitutes a neutral law.**

*Smith* requires the Court to determine whether the offending law is neutral and generally applicable.  *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531-32 (1993).  A law qualifies as neutral if it has as its object something other than the infringement or restriction of religious practices.  *Id.* at 533.  The Court first makes a facial inquiry and then may consider legislative intent and disproportionate impact.  *Id.* at 533-35.

The law at issue, 29 U.S.C. § 209, gives the Secretary of Labor the authority to require the attendance of witnesses in furtherance of any investigation of violations of federal labor law.  That section incorporates 15 U.S.C. § 49, which provides for subpoenaing the attendance and testimony of witnesses relating to any matter under investigation.  15 U.S.C. § 49 permits the Government to seek the aid of the courts in addressing failures to obey the subpoenas, including refusals to testify.  Nothing in these laws or their histories suggests that the law intends to infringe or restrict religious practices or disproportionately impacts religious practices.  Therefore, the Court RECOMMENDS the District Court find the law neutral.

**B. The Government's subpoena power constitutes a law of general applicability.**

A law qualifies as one of general applicability if it applies to people regardless of religion and does not have a system of routine, subjective, individualized exemptions that can or cannot accommodate religious belief/practice depending on the person implementing the system.  *See*

---

[1] Because Mr. Steed makes a plain First Amendment Free Exercise of Religion claim, the Court does not address the Hybrid Rights Exception to *Smith*.  *See Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 655-56 (10th Cir. 2006).

*Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 650-655 (10th Cir. 2006) (synthesizing prior relevant case law). Mr. Steed does not claim disproportionate impact or argue a system of exemptions exists that erodes the law's general applicability. Rather, Mr. Steed argues for an exemption to the law's applicability that would exempt him from testifying based on a subjective assessment of his religious beliefs. Certainly, a system of exemptions to testimony exists as set forth by the Federal Rules of Evidence and identified as privileges. However, one cannot characterize the system of evidentiary privileges as subjective or individualized in the same way a system that permits a facial hair exemption for medical reasons but not for religious reasons (*Fraternal Order of Police v. City of Newark*, 170 F.3d 359, 364-66 (3d Cir. 1999)) or one that "devalues religious reasons for killing [animals] by judging them to be of lesser import than nonreligious reasons" (*Lukumi Babalu Aye*, 508 U.S. at 537) is. Rather the system of evidentiary privileges available to those giving testimony explicitly protects certain limited, objective, well-defined types of communications from disclosure and otherwise requires all-comers to answer truthfully under oath. Given the apparent general applicability of the Government's subpoena power, the Court RECOMMENDS the District Court find the law generally applicable.

## CONCLUSION

Where a court finds a law both neutral and generally applicable, its application does not offend a person's First Amendment right to free exercise of religion. *See Smith*, 494 U.S. at 880 ("the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)'" (citing *United States v. Lee,* 455 U.S. 252, 263 n.3 (1982) (Stevens, J., concurring in judgment)). Here the Court

4

RECOMMENDS the District Judge find that the Government's subpoena power constitutes a valid, neutral law of general applicability and thus does not infringe Mr. Steed's First Amendment right to free exercise of religion. Furthermore, the Court RECOMMENDS the District Judge strike the objections and compel Mr. Steed to respond to the questions posed during his January 6, 2014 testimony along with any follow-up questions.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS the Court strike Mr. Steed's First Amendment objections to the questions posed during his January 6, 2014 testimony.

The Court will send copies of this Report and Recommendation to all parties, notifying the parties of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of July, 2014.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge