IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor, United States Department of Labor,<br>                Plaintiff,<br>v.<br>PARAGON CONTRACTORS, BRIAN JESSOP, DALE BARLOW et al,<br>                Defendant. | **REPORT AND RECOMMENDATION TO ENFORCE ADMINISTRATIVE SUBPOENA AGAINST RESPONDENT DALE BARLOW (ECF NO. 103)**<br><br>Case No. 2:13-CV-281-DS<br><br>District Judge David Sam<br><br>Magistrate Judge Evelyn J. Furse |

Petitioner moved to enforce an administrative subpoena properly served on Respondent Dale Barlow. For the reasons set forth in Petitioner's Brief, the undersigned finds that Mr. Barlow waived his right to assert the Fifth Amendment when he freely provided testimony pursuant to Wage Hour's original subpoena on January 31, 2013. Because "*[a]ny* response may be fatal to a subsequent invocation of the privilege," Mr. Barlow's responsiveness to questions at his first deposition waived his Fifth Amendment privilege as to those topics. Richard L. Scheff, Scott A. Coffina & Jill Baisinger, *Taking the Fifth in Civil Litigation*, 29 Litig. 34, 36 (Fall 2002) (emphasis added). "[W]here criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details." *Rogers v. U.S.*, 340 US 367, 373-374 (1951).

Mr. Barlow previously testified: (a) that he facilitated and organized hundreds of children and families each year to participate in the pecan harvest at SUPR, including up to 1,400 individuals for the 2012 harvest; (b) regarding the arrangement between Paragon and SUPR and the FLDS church; (c) regarding the voicemail message from the "bishop's office;" and (d) other matters that are reasonably relevant to Wage Hour's investigation. Mr. Barlow waived his right

to assert the Fifth Amendment privilege regarding these subjects and any others he previously testified about on January 31, 2013.  Mr. Barlow argues that waiver in his first deposition would not constitute waiver in his second deposition because "Wage Hour did not suspend Barlow's first deposition and file a motion to compel testimony.  Instead, Wage Hour sought a second deposition which constitutes a different proceeding."  (Resp. 3, ECF No. 107.)  In fact, waiver of one's Fifth Amendment rights in one "proceeding" does not constitute a waiver at a subsequent proceeding.  *U.S. v. Gary*, 74 F. 3d 304, 312 (1st Cir. 1996).  However, Mr. Barlow's January 31, 2013 deposition testimony *did* waive his right to assert the Fifth Amendment privilege on the same topics at his September 27, 2013 deposition because both depositions formed part of one proceeding.

Courts have described a second deposition following a motion to compel testimony withheld at a first deposition, like Mr. Barlow's, as a mere continuation of the first.  *See, e.g., V.K. ex rel. Pezzella v. N.J. Mfrs. Ins. Co.*, No. A-4681-11T4, 2013 WL 4503367, *2 (N.J. Super. Ct. App. Div. Aug. 26, 2013) (referring to a second deposition taken after the court granted a motion to compel further testimony after the first deposition as a "continued deposition"); *see also Geico Cas. Co. v. Beauford*, No. 805-CV-697-24EAJ, 2006 WL 2789013, *4 (M.D. Fla. Sept. 26, 2006) (granting a motion to compel testimony after a first deposition and ordering the individual to "answer these questions at the continued deposition").  As such, Mr. Barlow waived his Fifth Amendment privilege regarding the subjects he previously testified about on January 31, 2013.

Mr. Barlow's ongoing refusal to cooperate is impeding Wage Hour's investigation.  Consequently, the undersigned RECOMMENDS that the District Court:

1. Adopt the findings above;

2. Compel testimony from Mr. Barlow on all subject matters that he previously testified about on January 31, 2013, including questions related to: (a) the names and ages of the individuals that worked at SUPR; (b) the voicemail that was distributed by the "bishop's office;" (c) the nature and extent of Paragon and the FLDS church's involvement with the harvest; and (d) all related follow-up questions; and
3. Order that the running of the applicable statute of limitations under the Fair Labor Standards Act continues to be tolled from January 31, 2013, the date Mr. Barlow should have produced the subpoenaed information, until such time as Petitioner notifies the District Court that Respondents have complied with the District Court's order enforcing the subpoenas.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a de novo determination on the record of any portion of the undersigned's disposition to which specific written objections have been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence or re-commit the matter to the magistrate judge with instructions.

DATED this 12 August 2014.

Evelyn J. Furse
United States Magistrate Judge