THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| THOMAS PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | Case No. 2:13CV00281-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| PARAGON CONTRACTORS, CORP., et al., | ) ) ) | AND ORDER ADDRESSING VERGEL STEED'S MOTION TO SUSTAIN OBJECTIONS (Doc. #73) |
| Defendants. | ) ) | |

## I. INTRODUCTION

This matter involves an administrative subpoena enforcement action by Petitioner as part of its investigation into potential child labor violations involving children from the Fundamentalist Church of Jesus Christ of Latter Day Saints (the "FLDS Church") during harvest activities at a pecan ranch in Hurricane, Utah.

During sworn testimony pursuant to subpoena on January 6, 2014, Vernon Steed, invoking the First Amendment, objected to Petitioner's questions posed to him about the internal affairs and organization of the FLDS Church.[1] At Petitioner's request, Magistrate Judge Evelyn Furse intervened. Petitioner requested that the Magistrate Judge compel Mr. Steed to answer the questions posed to him, or face a finding of contempt with sanctions of incarceration as well as a fine of $1,000. a day until he answers the questions.

---

[1] Mr. Steed, however, did give testimony that he had no firsthand knowledge about the pecan harvest or the involvement of the FLDS Church in that harvest.

Magistrate Judge Furse requested that the parties brief the legal issues. Petitioner's Opp'n to Mot Sustain (Doc. #75) at 3.

On April 23, 2014, Magistrate Judge Furse held an evidentiary hearing regarding Mr. Steed's First Amendment claims. On July 11, 2014, she issued a Report and Recommendation ("R&R") in which she recommends that this Court find that Petitioner's "subpoena power constitutes a neutral law of general applicability and compel Mr. Steed to answer the questions posed by the Government." R&R at 2. Mr. Steed filed a timely objection to the R&R under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation of a dispositive matter, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III DISCUSSION

### A. The R&R

In her R&R, the Magistrate Judge found that because Mr. Steed made a plain First Amendment Free Exercise of Religion Claim, and because neither party argues application of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990) provides the controlling standard.

Applying the standard set forth in *Smith*, the Magistrate Judge found that the law at issue, 29 U.S.C. § 209, which gives the Secretary of Labor the authority to require the attendance of witnesses in furtherance of any investigation of violations of federal labor law, is both neutral and generally applicable. She recommends that the Court find the law neutral and generally applicable and that Mr. Steed's objections be stricken and that he be compelled to respond to Petitioner's questions posed to him during his January 6, 2014 testimony.

### B. Mr. Steed's Objection

Mr. Steed objects to the Magistrate Judge's finding in the R&R that his only objection to Petitioner's questions is based on a First Amendment Free Exercise claim.[2] He also objects to the finding that *Smith* provides the controlling standard, asserting that reliance on *Smith* is not proper because it has been superseded by statute.

### C. Analysis

The Court has carefully reviewed *de novo* those matters to which Mr. Steed objects. Although Mr. Steed in his briefing mentions other First Amendment objections based on Freedom of Speech and Freedom of Association, he fails to offer any persuasive facts, law or argument in support of those objections and the Court will not consider them further.

However, the Court rejects the Magistrate Judge's reliance on *Smith* as the controlling standard in addressing Mr. Steed's First Amendment Free Exercise Claim. Instead, the Court believes that RFRA provides the correct standard to analyze the instant matter.

---

[2]Mr Steed asserts that he also raised other First Amendment objections in his briefing such as Freedom of Speech and Freedom of Association.

## 1. RFRA

"The genesis of the RFRA lies in a protracted exchange between the Supreme Court and Congress over the proper standard to apply when reviewing laws that burden religion." *United States v. Wilgus*, 638 F.3d 1274, 1279 (10th Cir. 2011). In 1990, the Supreme Court issued its opinion in *Emp't Div., Dep't of Human Res. of Ore. v. Smith, 494 U.S. 872 (1990),* which "abrogated much of the Supreme Court's earlier jurisprudence regarding whether a neutral law of general application nonetheless impermissibly burdened a person's Free Exercise rights." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114,1133 (10th Cir. 2013), *aff'd sub nom*, Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751 (2014).

"Congress responded [to *Smith*] by enacting the Religious Freedom Restoration Act of 1993 (RFRA) ... 42 U.S.C. § 2000bb *et seq*., which adopts a statutory rule comparable to the constitutional rule rejected in *Smith*." *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S.. 418, 1217 (2006).[3] Subject to one exception, the Federal Government under RFRA "may not, as a statutory matter, substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'" *Id.* at 1216-17 (quoting 42 U.S.C. § 2000bb-1(a). Congress passed RFRA specifically "to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened" as well as "to provide a claim or defense to persons whose religious exercise is substantially burdened by government."

---

[3]RFRA has been struck down as applied to the states. *Boerne v. Flores*, 521 U.S. 507 (1997).

42 U.S.C. § 2000bb(b)(1). RFRA further provides that it "shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." *Id*. at § 2000cc-3(g).

Under RFRA, the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability ...." 42 U.S.C. § 2000bb-1(a).[4] One exception is provided. "Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person–(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.* at 2000bb-1(b). RFRA defines religious exercise as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id*. at § 2000cc-5(7).

RFRA provides that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000bb-1(c). Although neither party identified RFRA by name or title as applying to Mr. Steed's objections, it is clear that Mr. Steed has raised the very defenses available under RFRA in his Motion to Sustain Objections. *See* Steed's Mot. Sustain, pp. 3-7 (Doc. #73); *see also* Steed's Reply, pp. 1-7 (Doc. #76). It is also clear that Petitioner responded to those same defenses available under RFRA. *See* Petitioner's Opp'n to Mot Sustain (Doc. #75), pp. 7-13. In any event, Mr. Steed in his Objection to the R&R (Doc. #116) now invokes the protections of RFRA.

---

[4]RFRA defines "government" to include any "department" or "agency" of the United States. 42 U.S.C. § 2000bb-2(1).

### a. religious beliefs

As the party asserting a RFRA defense, Mr. Steed must establish that his sincerely held religious beliefs have been substantially burdened.[5] Mr. Steed states that he has made religious vows "not to discuss matters related to the internal affairs or organization of the Fundamentalist Church of Jesus Christ of Latter-day Saints", Steed Aff. at 1, and if required to give such testimony he would be "directly violating [his] sincerely held religious beliefs ". *Id*. at .2. Petitioner challenges Mr. Steed's belief asserting that he has "failed to make any showing that his alleged belief in secrecy about church matters is 'sincerely held' or that it is rooted in deep religious conviction." Petitioner's Opp'n to Mot. Sustain (Doc. #75) at 8.

It is not for the Court to "inquir[e] into the theological merit of the belief in question". *Hobby Lobby*, 723 F.3d at 1137. "The determination of what is a 'religious' belief or practice is more often than not a difficult and delicate task .... However, the resolution of that question is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U.S. 707, 714 (1981). The Court's "only task is to determine whether the claimant's belief is sincere, and if so, whether the government has

---

[5]"A plaintiff makes a prima facie case under RFRA by showing that the government substantially burdens a sincere religious exercise. The burden then shifts to the government to show that the compelling interest test is satisfied...". *Hobby Lobby*, 723 F. 3d at 1125-1126 (internal citation and quotation marks omitted).

applied substantial pressure on the claimant to violate that belief." *Hobby Lobby,* 723 F.3d at 1137.

     Mr. Steed has stated under oath what his beliefs are, that those beliefs are sacred to him, and that they are sincerely held by him. Specifically, Mr. Steed states that he believes the identity of FLDS Church leaders, the organization of the FLDS Church, and its internal affairs are sacred matters, designated so by God, and that he has vowed or covenanted not to discuss sacred matters. *See, e.g.*, Tr. of April 23, 2014 Hearing (Doc. #105) at 8-10, 21-22. For purposes of the present matter only, the Court concludes that Mr. Steed's beliefs, as expressed by him, are sincerely held and religious in nature. He has so stated under oath.[6] There is no evidence of record that he does not sincerely hold his expressed religious beliefs. The Magistrate Judge made no credibility findings as to the sincerity of Mr. Steed's religious beliefs. The Court has read the April 23, 2014, evidentiary hearing transcript and concludes that nothing in the transcript suggest that Mr. Steed's stated beliefs are not sincerely held. Indeed, from the written record the contrary is true. Mr. Steed explains the nature of his beliefs, how they are derived from his God and his religion, and the importance of those beliefs to him. Although the Court believes it would benefit from personally observing Mr. Steed's credibility during an evidentiary hearing, the Court takes notice of his prior testimony and the hundreds of miles of travel for Mr. Steed if the Court were to schedule another evidentiary hearing. Therefore, under the facts and circumstances presented, and for purposes of Mr. Steed's Motion to Sustain

---

[6]"One can, of course, imagine an asserted claim so bizarre, so clearly nonreligious in motivation, as not to be entitled to protection under the Free Exercise Clause; but that is not the case here...." *Thomas*, 450 U.S. at 715. Based on the record, the Court is not persuaded that such is the case here.

Objections only, the Court accepts as true that his beliefs are sincere and of a religious nature.[7]

### b. substantial burden

Next, the Court turns to the legal issue of whether Petitioner places substantial pressure on Mr. Steed's exercise of his religious belief. "[A] government act imposes a substantial burden on religious exercise if it: (1) requires participation in an activity prohibited by a sincerely held religious belief, (2) prevents participation in conduct motivated by a sincerely held religious belief, or (3) places substantial pressure on an adherent ... to engage in conduct contrary to a sincerely held religious belief." *Hobby Lobby*, 723 F.3d at 1138 (internal quotation marks and citation omitted). The third prong related to substantial pressure would appear to apply to this matter. The Court concludes that Petitioner has placed substantial pressure on Mr. Steed to engage in conduct contrary to his religious belief because Petitioner seeks to compel that conduct by court order and imposition of sanctions if he refuses to answer Petitioner's questions regarding the internal affairs and organization of the FLDS Church.

### c. compelling interest/least restrictive means

As noted, under RFRA the government may not substantially burden a person's exercise of religion unless it can demonstrate that the burden in furtherance of a compelling governmental interest, and it is the least restrictive means of advancing a

---

[7] *See Hobby Lobby,* 134 S. Ct. 2751, 2798 (2014), Ginsburg J. dissenting ("RFRA, properly understood, distinguishes between 'factual allegations that [plaintiffs'] beliefs are sincere and of a religious nature,' which a court must accept as true, and the 'legal conclusion ... that [plaintiffs'] religious exercise is substantially burdened,' an inquiry the court must undertake.") .

compelling interest. Here, the matter quickly is resolved by skipping directly to the least restrictive means requirement. Petitioner has failed to show that forcing Mr. Steed to answer the questions offensive to his sincerely held religious beliefs is the least restrictive means to advance any compelling interest it may have. For example, as a less restrictive alternative, Petitioner can continue with its efforts to obtain needed information from Paragon Contractors Corporation, Brian Jessop, Dale Barlow and others who contracted to manage the pecan ranch. *See Hobby Lobby*, 134 S.Ct. at *2780 ("The least-restrictive-means standard is exceptionally demanding..." and is not satisfied where the party imposing the burden "has not shown that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y]...").

## IV. CONCLUSION

For the reasons stated, the R&R (Doc. #115) is rejected and Mr. Steed's Motion to Sustain Objections to Questions Posed During Subpoena Testimony on July 6, 2014 (Doc. #73), is granted.

IT IS SO ORDERED.

DATED this 11th day of September, 2014.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT