THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

* * * SEP 11 2014 *

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| THOMAS PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, ) ) ) ) Plaintiff, ) ) vs. ) ) PARAGON CONTRACTORS, CORP., ) et al., ) ) Defendants. ) ) | Case No. 2:13CV00281-DS ORDER ADDRESSING MOTIONS TO ENFORCE SUBPOENA AGAINST DALE BARLOW (Doc. #46 & #103) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter involves an administrative subpoena enforcement action by Petitioner as part of its investigation into potential child labor violations involving children from the Fundamentalist Church of Jesus Christ of Latter Day Saints (the "FLDS Church") during harvest activities at a pecan ranch in Hurricane, Utah.

Pursuant to subpoena, Dale Barlow appeared on January 31, 2013, to give testimony related to Petitioner's investigation. Following Mr. Barlow's testimony, Petitioner filed a Petition to Enforce Administrative Subpoena based on Barlow's refusal to answer certain questions. Judge Shelby issued an order to show cause which directed Mr. Barlow to file a written response, and a hearing was for May 21, 2013. Mr. Barlow filed no response and failed to appear at the hearing. Ultimately an order to enforce subpoena was issued and a bench warrant issued for Mr. Barlow's arrest.

On September 23, 2013, Mr. Barlow voluntarily appeared to provide testimony.

However, he refused to answer certain questions and invoked the Fifth Amendment.

Petitioner sought the court's intervention, and after breifing, Magistrate Judge Furse issued a Report and Recommendation (Doc. #117) in which she recommends that this Court compel Mr. Barlow to provide testimony regarding matters he previously testified about. Mr. Barlow filed a timely objection to the R&R under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

In her R&R, the Magistrate Judge found that "Mr. Barlow waived his right to assert the Fifth Amendment when he freely provided testimony pursuant to [Petitioner's] original subpoena on January 31, 2013, and recommended that he be compelled to answer questions related to: "(a) the names and ages of the individuals that worked at SUPR; (b) the voicemail that was distributed by the 'bishop's office,' (c) the nature and extent of Paragon and the FLDS church's involvement with the harvest; and (d) all related follow-up questions". R&R at 3.

Mr. Barlow objects to the Magistrate Judge's finding in the R&R that he improperly invoked or waived his Fifth Amendment privilege. He asserts that because waiver is limited to a particular proceeding and because his testimony was concluded, and not suspended, the January and September hearings are separate proceedings. He also contends that there can be no blanket waiver of the privildge.

Having carefully reviewed *de novo* those matters to which Mr. Barlow objects, the Court agrees with the Magistrate Judge that because a second deposition following a motion to compel is properly characterized as a continuation of the first deposition and, therefore, viewed as a single proceeding, Mr. Barlow by not invoking the privilege at his January 31, 2013 deposition, waived his privilege on the same topics at his

September 27, 2013 deposition.

The Court accepts the R&R (Doc. #117) and adopts the findings set forth therein. Petitioner's Motions to Enforce Subpoena Against Dale Barlow (Doc. #46 & #103) are granted.

IT IS THEREFORE ORDERED:

1. Dale Barlow shall give testimony on all subject matters that he previously testified about on January 31, 2013, including questions related to (a) the names and ages of the individuals that worked at SUPR; (b) the voicemail that was distributed by the "bishop's office"; (c) the nature and extent of Paragon and the FLDS Church's involvement with the harvest; and (d) all related follow-up questions.

2. The running of the applicable statute of limitations under the Fair Labor Standards Act continues to be tolled from January 31, 2013, until Petitioner notifies the Court that Mr. Barlow has complied with this Order.

DATED this 11th day of Sept., 2014.

BY THE COURT:

David Sam
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT